Díaz, Petitioner and Appellant, *v.* People, Contestant and Appellee.

Appeal from the District Court of Ponce in a Habeas Corpus Proceeding.

No. 1502.—Decided May 8, 1920.

Right of Assembly—Streets and Squares—Municipal Ordinance.—A municipal ordinance providing that in order to hold meetings on the streets and squares of the municipality it is necessary to obtain a permit from the Commissioner of Public Service Police and Prisons twenty-four hours in advance so that he may notify the district chief of police for his knowledge and corresponding action, is contrary to paragraph 17 of section 2 of the Organic Act in force, because, considering the facilities for communication in Porto Rico by telegraph, telephone and roads, that period of time is not reasonable.

The facts are stated in the opinion.
*Mr. C. del Toro Fernández* for the appellant.
*Mr. J. E. Figueras, Fiscal,* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The Municipal Council of Yauco, on December 30, 1919, adopted the following ordinance:

"No. 3.—Ordinance Regulating the Granting of Permits for Holding Meetings on the Public Streets and Squares.—Whereas, on account of the present strike of agricultural laborers meetings are being held frequently in this town.—Whereas, there is no ordinance in force relative to permits which should be required for such meetings.—Whereas, these permits should be applied for sufficiently in advance in order that measures may be taken to avoid disturbances of the peace.—Therefore, Be it ordered by the Municipal Council of Yauco, P. R., in extraordinary session:—Section 1. All persons who may desire to hold meetings on the squares or streets of the town of Yauco shall make application to the Commissioner of Public

Service, Police and Prisons, in writing, at least twenty-four hours in advance, for the corresponding permit, stating the day and hour when the meeting is to be held; *Provided,* That the Commissioner of Public Service may forbid the holding of such meetings on Washington Square when he may think proper.—Section 2. The Commissioner of Public Service, Police and Prisons, upon receipt of an application under the preceding section, shall issue the permit and give immediate notice thereof to the District Chief of Police.—Section 3. Violations of this ordinance shall be punishable in the proper court by a fine of from five to fifty dollars, or imprisonment from five to fifteen days, or both, at the discretion of the court.—Section 4. There being extraordinary circumstances that demand that this ordinance be made effective immediately, the same shall be in force from the date of its approval."

On the 2nd of February of this year a complaint was made in the Municipal Court of Yauco against Julio Ortiz, charging him with having violated the said ordinance by wilfully and maliciously holding a meeting on Colón Square of the·said town from 9 to 11 p. m. of the 29th of January, 1920, without having applied to the Commissioner of Public Service, Police and Prisons in writing at least twenty-four hours in advance for the corresponding permit and stating in the application the day and hour when the meeting was going to be held.

The municipal court sentenced Ortiz to pay a fine of ten dollars or to suffer the alternative imprisonment. After having been committed to jail Ortiz filed a petition for a writ of habeas corpus in the District Court of Ponce, praying for his discharge on the ground that the ordinance for the violation of which he had been imprisoned is incompatible with paragraph 17 of section 2 of the Organic Act of this Island which provides that "no law shall be passed abridging the freedom of speech or of the press, or the right of the people peaceably to assemble and petition the Government for redress of grievances," and is null and void because section 9 of Act No. 85 of 1919, enacted by the Legislative Assembly of this Island and establishing a system

of local government and reorganizing municipal services, limits the legislative and administrative powers of the municipalities by forbidding them to adopt any ordinance or resolution or to take any action which in any way conflicts with any of the laws of Porto Rico or of the United States which may be in force, for which reasons he alleged that he was tried, convicted and imprisoned without authority of law. The District Court of Ponce denied the petition of Ortiz and he took the present appeal.

The case of *People* v. *Padilla,* 20 P. R. R. 262, on which the appellant principally bases his appeal, is not applicable to this case because the judgment of acquittal then rendered was founded on the fact that Padilla was not included within the provisions of the ordinance alleged to have been violated and therefore it was not necessary to consider the validity of the ordinance. In this case the appellant comes within the provisions of the Yauco ordinance, for although the ordinance states that it was adopted because of the frequent holding of meetings on account of the strike of agricultural laborers, yet it imposed upon all persons who may desire to hold meetings on the streets or squares of the town the obligation of making application in writing, at least twenty-four hours in advance, for the corresponding permit.

In disposing of this appeal it is well to recall some of the general observations made in the case of *People* v. *Padilla, supra,* to wit: That a municipal ordinance abridging the right conferred by the Act of February 27, 1902, defining the rights of the people, which is substantially identical to the quoted paragraph of our Organic Act, would be absolutely null and void; that to regulate does not always mean to abridge; that the power of a municipal government to adopt rules for regulating traffic through its streets and the use of its public squares and walks is unquestionable, all depending upon the manner in which it is exercised; that if it is exercised in a reasonable manner it should be respected by the citizens and upheld by the courts and if ex-

ercised in an arbitrary manner it is divested of all authority, for which reasons ordinances regulating the rights of the people should be construed strictly.

Hence, in accordance with the foregoing principles, the question in this case is whether the Municipal Council of Yauco exercised in a reasonable manner its unquestionable power to regulate the use of the public squares and streets in requiring that in order to use them for holding meetings it was necessary to ask the Commissioner of Public Service, Police and Prison for a permit, at least twenty-four hours in advance. In other words, is the period of twenty-four hours required by the ordinance so long that it abridges the right conferred upon the people by our Organic Act to assemble peaceably? That is the question in this appeal.

From the ordinance transcribed it appears that the purpose of the Municipal Council of Yauco in fixing that period was that the Commissioner of Public Service, Police and Prisons might have time to give immediate notice of such meetings to the district chief of police, and we are of the opinion that the minimum notice of twenty-four hours which must be given, according to the ordinance, by those persons who desire to obtain a permit for holding such public meetings, is not reasonable, because, considering the facilities for communication in Porto-Rico by telegraph, telephone and roads, that period is so long that it abridges the right of peaceable assembly and would make it illusory in many instances, particularly as the said commissioner is not authorized to shorten that time.

For the foregoing reasons the imprisonment of the appellant is unlawful and we must reverse the decision which refused to discharge him and order that he be discharged, canceling the bail bond given pending this appeal.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.